983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul MARCUCCI, Plaintiff-Appellant,
v.
DOWNS, Lt., c/o Cabral, Defendant-Appellee.
 No. 92-15961.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Marcucci, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against correctional officer Lieutenant Downs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's dismissal of an action for a plaintiff's violation of Fed.R.Civ.P. 11, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Marcucci filed a civil rights action against Downs, alleging that Downs confiscated three of Marcucci's letters addressed to state officials and that the letters were never returned to Marcucci. Marcucci sought compensatory damages for his mental anguish and for the costs of postage and paper used for his letters.
 
 
 5
 Subsequently, Marcucci was transferred from Corcoran state prison to Wasco state prison. Marcucci then filed a motion for a temporary restraining order, claiming that prison officials transferred Marcucci for a retaliatory purpose and that at Wasco: (1) his legal property was destroyed, (2) his mail was interfered with, and (3) he did not have access to a law library. Downs opposed Marcucci's motion. Marcucci filed a reply that admitted several operative facts set forth in Downs' opposition.
 
 
 6
 The magistrate judge found that Marcucci intentionally misrepresented operative facts in his motion for a temporary restraining order. The magistrate judge issued Marcucci an order to show cause why his civil rights action should not be dismissed for violation of Fed.R.Civ.P. 11. Marcucci responded that the court misunderstood his motion and that his motion sought to restrain future conduct.
 
 
 7
 The magistrate judge found due cause to dismiss Marcucci's civil rights action. The magistrate judge's findings and recommendations enumerated the various grounds for dismissal pursuant to Rule 11 or, in the alternative, pursuant to the district court's inherent powers to protect the judicial process from abuse. The magistrate judge found that "[n]ot only are plaintiff's actions singularly egregious, taken together, it is clear to this court plaintiff will continue to have no qualms about outright lying to the court in order to get the action he seeks." Marcucci filed objections to the magistrate judge's findings and recommendations. The district court reviewed de novo Marcucci's case and found the magistrate judge's findings and recommendations to be supported by the record and proper analysis. The district court adopted the findings and recommendations in full and dismissed Marcucci's action pursuant to Fed.R.Civ.P. 11. Marcucci timely appeals.
 
 II
 Merits
 
 8
 On appeal, Marcucci contends that the district court erred by dismissing his action. This contention lacks merit.
 
 
 9
 A district court may impose sanctions upon a party under Rule 11. Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir.1986). A district court may dismiss an action for plaintiff's failure to comply with the federal rules or with any orders of the court. Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2132-33 (1991) (dismissal of an action is a severe sanction but is within the court's discretion). See Fed.R.Civ.P. 41(b); E.D.Cal. Local R. 110.
 
 
 10
 Rule 11 provides that an unrepresented party shall sign all papers filed with the court to certify that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ..." Fed.R.Civ.P. 11. If a motion is signed in violation of Rule 11, the court shall impose sanctions upon the signer. Id. The standard to determine whether Rule 11 has been violated is objective reasonableness. Business Guides, Inc. v. Chromatic Communications Enter., Inc., 111 S.Ct. 922, 933 (1991). A court must construe pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, the court has "sufficient discretion to take account of the special circumstances that often arise in pro se situations." See Adv.Comm.Notes to the 1983 amendment to Fed.R.Civ.P. 11.
 
 
 11
 Here, Marcucci refused to comply with the district court's orders and heed its warnings.[1] Additionally, in response to Downs' opposition to Marcucci's motion for a temporary restraining order, Marcucci admitted facts that he had previously contested.[2] The magistrate judge found that Marcucci, in his response to the court's order to show cause, tried to "back himself out of the hole he had dug for himself." Upon a de novo review, the district court adopted the magistrate judge's conclusion that Marcucci was involved in bad faith litigation and that Marcucci had sought injunctive relief that had "no basis in fact." Given these circumstances, the district court did not abuse its discretion by dismissing Marcucci's action for violating Fed.R.Civ.P. 11. See Chambers, 111 S.Ct. at 2133.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The magistrate judge had warned Marcucci that if he failed to serve documents on Downs, he would recommend that Marcucci's civil action be dismissed. Marcucci failed to serve Downs copies of the papers submitted to court
 
 
 [2]
 In his motion for a temporary restraining order, Marcucci claimed that: (1) he was locked up seven days a week, (2) his legal property was destroyed, (3) his mail was interfered with, and (4) he did not have access to a law library. In opposition to Marcucci's motion, Downs provided evidence that: (1) Marcucci requested the transfer to Wasco, (2) pursuant to prison policy, Marcucci's access was restricted temporarily immediately following Marcucci's transfer to enable prison officials to identify any enemies of Marcucci, (3) Marcucci was released upon identification of no enemy, (4) the prison mail log indicated that Marcucci had sent and received mail, and (5) although the Wasco prison law library was not yet open, inmates were able to access library books through a request system. In response, Marcucci admitted "the facts of the case as stated by [Downs'] opposition papers."